UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-cv-344-FDW-DSC

| | |
|---|---|
| GERALD LEE COLE, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| LISA BELL, | ) |
| Defendant. | ) |

THIS MATTER is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff filed a *pro se* Complaint and Amended Complaint against Lisa Bell, Chief Judge of the Mecklenburg County District Court, as well as a Motion to Proceed *in forma pauperis* ("IFP Motion"). The Court granted Plaintiff's IFP Motion on August 3, 2010. Plaintiff's Amended Complaint, which alleges substantially the same causes of action as his original Complaint, alleges Defendant violated 42 U.S.C. § 1983 for "willfully, knowingly not upholding [sic.] the Constitution of the United States of American [sic.] and the Constitiution [sic.] of the State of Northh [sic.] Carolina." (Am. Compl. at 2).

## I. STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not

1

only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where "defendants are immune from suit." Id. at 327-28.

## II. DISCUSSION

Plaintiff's Amended Complaint seeks both injunctive relief and money damages in the amount of $1,000,000 "[f]or willfully and knowingly with malice, violating [Plaintiff's] Constitutional Rights." (Am. Compl. at 3-4).

The Court notes at the outset that 42 U.S.C. § 1983 specifically contemplates immunity for judges from injunctive relief for "an act or omission taken in such officer's judicial capacity." § 1983. Additionally, it is well-settled that judges are immune from a suit for money damages. See, e.g., Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (collecting cases). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1871). Because "judicial immunity is an immunity from suit, not just from the ultimate assessment of damages," it is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles, 502 U.S. at 11 (citations omitted). Judges' absolute immunity is overcome in only two circumstances: suits involving nonjudicial conduct and suits involving judicial actions taken in the complete absence of jurisdiction. Id. at 11-12 (citations omitted).

There can be no question that Defendant enjoys immunity from this suit. Here, Plaintiff's Complaint and Amended Complaint do not assert any allegations of either nonjudicial conduct or

2

of action taken in a case where jurisdiction was completely lacking. Instead, Plaintiff is seeking relief simply because he is dissatisfied with Defendant's judgment in a case that appears to be properly before Defendant's court. (Am. Compl. at 2-3). Even assuming the allegations contained in Plaintiff's Complaint are plausible and true and Defendant committed the error alleged,[1] "[i]f judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action [s]he took was in error.'" Id. at 12-13 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978). Simply put, there is nothing alleged in Plaintiff's Complaint or Amended Complaint that would overcome Defendant's judicial immunity.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Complaint and Amended Complaint are hereby DISMISSED with prejudice.

The Clerk is directed to send a copy of this Order to *pro se* Plaintiff at 1548 Wickford Place, Charlotte, North Carolina, 28203, which is Plaintiff's address of record.

IT IS SO ORDERED.

Signed: November 30, 2010

Frank D. Whitney
United States District Judge

---

[1] To be clear, the Court has no reason to believe Defendant erred at any point during the contested litigation and does not accuse Defendant of such. Plaintiff's Complaint and Amended Complaint are filled with conclusory statements devoid of any factual allegations, and it is not evident that any of the conduct alleged constitutes judicial error.